# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ANN ELWELL,
and
GREG ELWELL,

        *Plaintiffs*,

vs.

BOB BYERS,
and
LYNNEA KAUFMAN,

        *Defendants.*

Case No. 08-2227-EFM

## MEMORANDUM AND ORDER

Before the Court is Defendants Motion to Dismiss Plaintiffs Amended Complaint (Doc. 17).[1] The motion has been fully briefed. For the following reasons, the Court denies the motion.

**I. Background/Facts**

Plaintiffs were licensed by the Kansas Department of Health and Environment to operate a child care facility, and held an exception by the state of Kansas to house and care for foster children. In approximately March 2004, a three month old boy named TS was placed in Plaintiffs care by the Kansas Department of Social and Rehabilitation Services (SRS).

---

[1] The Court notes that Defendant previously filed a Motion to Dismiss (Doc. 9), after which Plaintiffs filed their Amended Complaint (Doc. 16). Defendants then filed their Motion to Dismiss Plaintiffs Amended Complaint (Doc. 17, which is substantially similar to their earlier Motion to Dismiss.

1

Plaintiffs acted as foster parents for TS for fourteen months, during which time both of TS's biological parents either relinquished or were relieved of their parental rights. While TS was in their care, Plaintiffs bonded with the child, and considered him to be their son and a member of their family. During this time, Plaintiffs notified SRS of a desire to adopt TS, and were acknowledged as an "adoptive resource" by the SRS. Both Defendants were employed in supervisory positions by the SRS. On May 14, 2007, Defendants caused TS to be removed from Plaintiffs' care without prior notice, based upon the revocation of Plaintiffs' exception to house foster children.

Plaintiffs allege that they possessed a protected liberty interest in maintaining the integrity of their pre-adoptive foster family, and that Defendants violated that interest by causing TS to be removed from Plaintiffs' care without notice. Plaintiffs assert two claims against Defendants: (1) a procedural due process violation of the 14th Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983, and (2) a substantive due process violation of the 14th Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983. Defendants have filed this motion to dismiss claiming that: (1) the doctrine of sovereign immunity exempts Defendants from suit; (2) the doctrine of qualified immunity exempts Defendants from suit; (3) Plaintiffs cannot state a violation of procedural or substantive due process, because as foster parents they had no recognized liberty interest in maintaining a family with TS; and (4) any violation of state law by Defendants is insufficient to state a claim for 42 U.S.C. § 1983 relief. Defendants also assert that the Court has neither the personal or subject matter jurisdiction necessary to hear this case.

## II. Legal Standard

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative

2

level" and must contain "enough facts to state a claim to relief that is plausible on its face."[2] Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[3] The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief.[4]

In ruling on a motion to dismiss for failure to state a claim, the court assumes as true all well pleaded facts in the complaint and views them in the light most favorable to the plaintiff.[5] The court, however, need not accept as true those allegations which state only legal conclusions.[6] Although plaintiff need not precisely state each element of its claim, it must plead minimal factual allegations on those material elements that must be proved.[7] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[8]

When considering a 12(b)(1) motion, District courts have "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."[9] "A case arises under

---

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[3] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[4] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

[5] *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[6] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[7] *Id.*

[8] *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotations omitted).

[9] 28 U.S.C. § 1331 (2009).

3

federal law if its 'well pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"[10] Plaintiff is responsible for showing the court by a preponderance of the evidence that jurisdiction is proper.[11]  Mere allegations of jurisdiction are not enough.[12]

Federal courts are courts of limited jurisdiction and, as such, must have a statutory or constitutional basis to exercise jurisdiction.[13]  The law imposes a presumption against jurisdiction, and plaintiff bears the burden of showing that jurisdiction is proper.

When a defendant challenges a court's personal jurisdiction in a motion to dismiss, the plaintiff bears the burden of establishing personal jurisdiction over the defendant.[14]  When the district court considers a motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, "the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion."[15]  The plaintiff may make this prima facie showing by demonstrating, by affidavit or other written materials, facts that if true would support jurisdiction over the defendant.[16]

In ascertaining the facts necessary to establish jurisdiction, the district court must accept as true the allegations set forth in the complaint to the extent they are uncontroverted by the

---

[10]*Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

[11]*United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002).

[12]*Id.* at 798.

[13]*Lindstrom v. United States*, 510 F.3d 1191, 1193 (10th Cir. 2007) (citation omitted).

[14]*OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998).

[15]*Id.*

[16]*Id.*

defendant's affidavits.[17]  Only the well-pled facts of the plaintiff's complaint, however, as distinguished from mere conclusory allegations, must be accepted as true.[18]  If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the moving party's contrary presentation.[19]  In order to defeat the plaintiff's prima facie showing of personal jurisdiction, the moving defendant must present a compelling case demonstrating "that the presence of some other considerations would render jurisdiction unreasonable."[20]

## IV. Analysis

### A. Sovereign Immunity

Defendants assert that sovereign immunity shields them from liability, but this doctrine does not apply, as Plaintiffs are not bringing suit against Defendants in their official capacity.  Provided by the Eleventh Amendment, sovereign immunity bars federal action against a state or its officials acting in their official capacities.[21]  Defendants, relying on *Scothorn v. State of Kansas*,[22] argue that Plaintiffs' Amended Complaint does not specify that Defendants are being sued as individuals, and absent such a designation, the Court should read the Amended Complaint as suing Defendants in their official capacity only.[23]  However, *Scothorn* states a Court "may" presume the complaint to be

---

[17] *Ten Mile Indus. Park v. W. Plains Serv. Corp.*, 810 F.2d 1518, 1524 (10th Cir.1987).

[18] *Id.*

[19] *Id.*

[20] *OMI Holdings*, 149 F.3d at 1091 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

[21] *Kentucky v. Graham*, 473 U.S. 159, 167 (1985).

[22] 772 F.Supp 556 (Kan. 1991).

[23] *Id.* at 560.

against officials in their official capacity, leaving the determination at the discretion of the Court.[24]

Plaintiffs contend that their Amended Complaint is against Defendants in their individual capacities only, and that the proper analysis to apply when no capacity is stated comes from *Pride v. Does*.[25] The Tenth Circuit in *Pride* held that a court should look to the substance of the pleading and course of proceedings to determine whether a suit is brought in an individual or official capacity.[26] Plaintiffs' Amended Complaint seeks punitive damages against Defendants, which Plaintiffs could only seek if bringing suit against Defendants in their individual capacity. *Pride* states that bringing punitive damages is indicative of an individual capacity suit.[27] Viewed in a light most favorable to the Plaintiffs, the Amended Complaint asserts claims against Defendants in their individual capacities. As such, dismissal on the grounds of sovereign immunity is improper.

### B. Qualified Immunity

Defendants assert that qualified immunity shields them from suit by Plaintiffs. Qualified immunity is available to public officials when their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[28] If proven, qualified immunity is not a defense, but an immunity from suit.[29] Once qualified immunity is asserted, Plaintiffs must show that: (1) the defendant's actions violated a constitutional or statutory right, and (2) that the rights alleged to be violated were clearly established at the time of the conduct

---

[24] *Id.*

[25] 997 F.2d 712 (10th Cir. 1993).

[26] *Id.* at 715.

[27] *Id.*

[28] *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

[29] *Douglas v. Dobbs*, 419 F.3d 1097, 1101 (10th Cir. 2005).

at issue.[30]  If Plaintiffs do prove a violation of a right, they must further prove the right was clearly established, which is done by showing "that a reasonable official would understand that what he is doing violates that right."[31]

To survive a motion to dismiss, Plaintiffs must plausibly set forth that the right they claim was violated, i.e., that of maintaining their fundamental liberty interest in a parental relationship with TS, was clearly established at the time of the violation.  While no case exactly mirrors Plaintiffs situation concerning TS's removal, they assert that "a general constitutional rule that has already been established can 'apply with obvious clarity to the specific conduct in question, even though the very action in question has [not] previously been held unlawful.'"[32]  When establishing a constitutional right, a plaintiff can "demonstrate that a constitutional right is clearly established by reference to cases from the Supreme Court, the Tenth Circuit, or the weight of authority from other circuits."[33]

Both parties cite *Smith v. Organization of Foster Families For Equality and Reform*[34]  for support, but the Supreme Court left the issue undecided, stating that foster families *may* have a liberty interest in maintaining their relationship with a foster child.  Plaintiffs then turn to authority from other districts, most notably *Rivera v. Marcus*,[35] which held foster parents possessed a liberty

---

[30] *Saucier v. Katz,* 533 U.S. 194, 201 (2001).

[31] *Hope v. Pelzer*, 536 U.S. 730, 739 (2002).

[32] Doc. 23, p.17 (Relying on *Anderson v. Blake*, 469 F.3d 910, 914 (10th Cir. 2006)).

[33] *Anderson*, 469 F.3d at 914.

[34] 431 U.S. 816 (1977).

[35] 696 F.2d 1016, 1024 (2nd Cir. 1982); *see also Thelen v. Catholic Soc. Servs.*, 691 F.Supp. 1179 (E.D.Wis. 1988) (holding that prospective adoptive parents had liberty interest); *Brown v. San Joaquin County*, 601 F.Supp. 653 (D.C.Cal. 1985) (holding foster parents did posses liberty interest); *Berhow v. Crow*, 423 So.2d 371

interest in a foster child. While no Supreme Court or Tenth Circuit case is explicitly on point, Plaintiff cites several similar cases outside the Tenth Circuit that hold that foster parents possess a liberty interest with a child. Plaintiffs allege that their right to this interest was violated when Defendants caused TS to be removed from the Plaintiffs' home without notice.

Defendants argue that Plaintiffs fails to establish that they possessed a liberty interest in a relationship with TS, because Plaintiffs do not cite to a Supreme Court or Tenth Circuit case to back their proposition. However, Defendant fails to address how Plaintiffs' argument is deficient in establishing weight of authority from other circuits, another avenue through which Plaintiffs may establish a constitutional right.[36] By failing to address the weight of authority from other circuits, Defendants do not adequately argue that Plaintiffs have no right to a liberty interest in a relationship with TS.

We look to state law to determine whether the right was clearly established, because "the claimed interest derives from a knowingly assumed contractual relation with the State, [so] it is appropriate to ascertain from state law the expectations and entitlements of the parties."[37] Plaintiffs cite to Kansas statutes that provide for notice to the foster family in the event of removal of a foster child.[38] They argue these statutes set forth a clearly established right, as the statutes require notice to the foster parents prior to removal of a child after the child has been with the family for more than

---

(Fla.App. 1 Dist. 1982) (holding foster parents had a liberty interest).

[36]*Anderson*, 469 F.3d at 914.

[37]*Smith*, 431 U.S. at 846 (referring to the contractual relationship entered into between a foster family and the state for the purpose of providing care for the foster child).

[38]Doc. 23, p. 11 (citing K.S.A. §§ 38-2258(a), 38-2259 (2009)).

six months.[39] As TS had been with Plaintiffs for fourteen months, these statutes could constitute that a right to an intact, pre-adoptive foster family was clearly established at the time of TS's removal.

Defendants argue that K.S.A. § 65-506 made TS's continuing presence in Plaintiffs household illegal, and that they were required to remove the child.[40] However, the statute Defendants rely upon is ambiguous because it refers only to the placement of the child and does not specifically outline procedure for removal. Viewed in a light most favorable to the Plaintiffs, they have stated that (1) the defendant's actions violated a constitutional or statutory right, and (2) the rights alleged to be violated were clearly established at the time of the conduct at issue.[41] As such, Plaintiffs have asserted plausible grounds to overcome an assertion of qualified immunity at this juncture.

### C. Procedural and Substantive Due Process

To sustain a due process claim, Plaintiffs must show: " a deprivation of that [liberty] interest by the government."[42] Defendants argue that Plaintiffs' claims of procedural and substantive due process violations fail because Plaintiffs, as foster parents, have no liberty interest protected by the Constitution.[43] However, as analyzed above, Plaintiffs have set forth a plausible claim for relief

---

[39]*Id.*

[40]K.S.A. § 65-506 (stating in part that "[n]either the secretary of social and rehabilitation services nor any other person shall *place or cause to be placed* any maternity patient or child under 16 years of age in any maternity center or child care facility not licensed by the secretary of health and environment or family day care home not holding a certificate of registration from the secretary of health and environment.) (emphasis added).

[41]*Saucier,* 533 U.S. at 201.

[42]*Couture v. Bd. of Albuquerque Pub. Sch.*, 535 F.3d 1243, 1256 (10th Cir. 2008), *see also Moore v. Guthrie*, 438 F.3d 1036, 1040 (10th Cir. 2006).

[43]The Court notes that while a procedural due process violation requires a lack of process (*see Couture*, 535 F.3d at 1256.), and a substantive due process claim requires conscience shocking conduct (*see Moore*, 438 F.3d at 1040.), Defendant does not raise defenses to either of those issues and only disputes Plaintiffs alleged liberty interest.

supported by precedent from other districts holding that foster families may have a protected liberty interest.

Plaintiffs burden to show a deprivation of a liberty interest is satisfied by Defendants removal of TS from Plaintiffs' home, which effectively severed their relationship with the child. By severing this relationship, Defendant deprived Plaintiffs of a plausible liberty interest they possessed in maintaining their relationship with TS. Plaintiffs have asserted an adequate claim for a due process violation under 42 U.S.C. § 1983.

Defendants also assert that even if they did violate a duty imposed by state law that such a violation does not give rise to a § 1983 claim. Pursuing a claim under § 1983 is proper when a federal right is violated under color of state law, not merely when a state law is violated.[44] Defendants argue that a § 1983 claim is improper because Plaintiffs' claim arises from a failure to give prior notice, and Plaintiffs rely on state law.[45]

Plaintiffs, however, contend that the Kansas statutes are merely the vehicle through which Defendants violated their federal rights, that of a liberty interest in the integrity of their foster family. As set forth in *Gomez v. Toledo*,[46] Plaintiffs must only allege that: (1) Defendants deprived them of a federal right (such as due process), and (2) Defendants who deprived them of that right acted under the color of state law. Because the standard from *Gomez* requires Plaintiffs allege a violation of a federal right, Plaintiffs have satisfied this as they have alleged that they possess a protected liberty interest in their foster family, and the violation of that interest deprived them of their federal right.

---

[44]*Jones v. City & County of Denver,* 854 F.2d 1206, 1209 (10th Cir. 1988).

[45]K.S.A. §§ 38-2258(a), 38-2259

[46]446 U.S. 635, 640 (1980).

The standard also requires the deprivation be done under the color of state law, and Defendants rely upon K.S.A. 65-506 to justify the removal of TS, satisfying the second element of *Gomez*. As such, Plaintiffs have asserted adequate factual allegations to assert a claim for a substantive due process violation under 42 U.S.C. § 1983.

Defendants assert the Court lacks both personal and subject matter jurisdiction in this case. Defendants argument seems to center on the premise that because they were following state law in ordering the removal of TS, that the Court has no jurisdiction over the claims in this matter.[47] However, the Court finds the issues of personal and subject matter jurisdiction intertwined with the validity of Plaintiffs' assertion they possess a liberty interest in a relationship with TS. Jurisdiction turns on this issue because a violation of that liberty interest provides a federal question upon which subject matter jurisdiction may be based.[48] Additionally, the events in question regarding TS occurred in Kansas,[49] satisfying the requirements of personal jurisdiction.[50] Because the Court finds that Plaintiffs have asserted a plausible claim to a liberty interest in a relationship with TS, Defendants arguments to dismiss under personal and subject matter jurisdiction are groundless.

Dismissal is a "harsh remedy,"[51] and not meant to decide "whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."[52]

---

[47]Doc. 24, p. 6.

[48]*Nicodemus.*, 440 F.3d at 1232.

[49]Doc. 16, p. 3.

[50]K.S.A. § 61-308(b) (2009).

[51]Moore, 438 F.3d at 1039; *see also Lone Star Indus., Inc. v. Horman Family Trust*, 960 F.2d 917, 920 (10th Cir.1992) (stating that "[a] motion to dismiss for failure to state a claim is viewed with disfavor, and is rarely granted." )

[52]*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002).

11

Because Plaintiffs have raised their claim for relief above a merely speculative level, Defendants request for dismissal is improper at this time.

**IT IS ACCORDINGLY ORDERED** this 16th day of July, 2009 that Defendants Bob Byers and Lynnea Kaufman's Motion to Dismiss (Doc. 17) is hereby DENIED.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 9) is DENIED as moot.

**IT IS SO ORDERED**.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE